1 **SANDERS ROBERTS LLP**
Justin H. Sanders (SBN 211488)
2 jsanders@sandersroberts.com
Sabrina Narain (SBN 299471)
3 snarain@sandersroberts.com
Jason Ziven (SBN 274179)
4 jziven@sandersroberts.com
1055 W. 7th Street, Suite 3200
5 Los Angeles, CA 90017
(213) 426-5000 (office)
6 (213) 234-4581 (fax)

7 Attorneys for Defendant
**FORD MOTOR COMPANY**
8

9                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| STEVE FROST | Case No.: |
| Plaintiffs, | **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |
| vs. | |
| FORD MOTOR COMPANY, and DOES 1 through 100, inclusive, | Sup. Ct. Complaint Filed: January 4, 2022 |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by its counsel SANDERS ROBERTS LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 30-2022-01239097-CU-BC-WJC of the Superior Court of California, County of Orange. In support of this removal, Defendants states as follows:

### THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Orange by Plaintiff Steve Frost against Ford, entitled Dalia Martinez vs. Ford Motor Company, and DOE 1 Through DOE 10, Case No. 30-2021-01224434-CU-BC-CJC (the "State Action"). Ford is the named defendant in this action. Plaintiff filed the State Action on January 4, 2022, asserting breach of warranty and violation of the Song-Beverly Act against Ford. (*See* Complaint.)

### PROCEDURAL REQUIREMENTS

2. Defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Plaintiff's Complaint was not facially removable as Plaintiff did not plead an amount in controversy. Defendant served written discovery on Plaintiff regarding jurisdictional issues. On April 7, 2022, Plaintiff served his responses to Ford's Requests for Admission in which he Admitted that the total damages exceeded seventy-five thousand dollars ($75,000). *See* Exhibit D. Therefore, removal of this action is timely.

3.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in Exhibit B filed herewith.

4.  Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

5.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Orange promptly after filing of same in this Court.

6.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7.  If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

9.  The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; Exhibit D.

10. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

12. Plaintiff admits in the response to the first question in request for admission, set one that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00). *See* Exhibit C. Therefore, the amount in controversy, which is the actual damages and the civil penalties, exceeds seventy-five thousand dollars ($75,000.00).

**DIVERSITY OF CITIZENSHIP EXISTS**

13. Plaintiff is and was at the time of filing of the Complaint, and at all other times relevant to this lawsuit, a resident of California, by her own Admissions in response to Ford's Requests for Admission. Exhibits C and D [RFAs 2 and 6].

14. Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal

place of business in Michigan. *See* Declaration of Jason Ziven, ¶ 4. This Court can take judicial notice of these facts. Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

15.   For the reasons stated above, there is diversity of citizenship between Plaintiff, a California citizen, and Ford, a citizen of Michigan and Delaware.

## CONCLUSION

16.   Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

Dated: May 9, 2022                         **SANDERS ROBERTS LLP**

*/s/ Jason Ziven*
SABRINA NARAIN, ESQ.
JASON ZIVEN, ESQ.
Attorneys for Defendant
**FORD MOTOR COMPANY**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States, over 18 years of age and am not a party to the within action. My business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place. My electronic service address is: sposwal@sandersroberts.com.

On May 9, 2022 I served the foregoing document(s) described as:

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as stated in the attached service list:

☐ **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business.

☐ **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581** . No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☒ **VIA ELECTRONIC MAIL** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐ **VIA PERSONAL SERVICE** I caused such envelope(s) to be delivered by a process server employed by Express Network the attached documents to the office(s) of the addressee.

☐ **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery to the recipients shown on the attached service list.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on May 9, 2022, at Los Angeles, California.

    */s/ Sarah Poswal*
Sarah Poswal



**SERVICE LIST**
*Steve Frost v Ford Motor Company et al*
USDC

| | |
|---|---|
| **LAW OFFICE OF ROBERT L. STARR, APC**<br>Robert L. Starr, Esq.<br>Robert@starrlaw.com<br>Adam M. Rose, Esq.<br>adam@starrlaw.com<br>Theodore R. Tang, Esq.<br>theodore@starrlaw.com<br>3901 Calabasas Road Suite 2072<br>Calabasas, CA 91302<br>Tel: (818) 225-9040<br>Fax: (818) 225-9042 | Attorney for Plaintiff<br>**Steve Frost** |